UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

JENNIFER BRINKMAN                                             PLAINTIFF

V.                             CIVIL ACTION NO. 3:22-CV-586-KHJ-MTP

NEEL-SCHAFFER, INC., et al.                              DEFENDANTS

ORDER

Before the Court is the [89] Report and Recommendation of United States Magistrate Judge Michael T. Parker. For the reasons stated, the Court adopts the Report.[1]

I.    Background

Plaintiff Jennifer Brinkman ("Brinkman") sued Defendants Neel-Schaffer, Inc. ("Neel-Schaffer") and Dennis Reeves ("Reeves"). Compl. [1-1] at 1.[2] Brinkman raised claims under Title VII and for intentional infliction of emotional distress. *Id.* at 5.

The parties agreed to settle on December 19, 2023, and the Court reduced the agreement to a writing, which Brinkman signed. *See* Terms of Settlement [79]; Joint Mot. [73] ¶ 2. Brinkman has a pending Chapter 13 bankruptcy case in the United States Bankruptcy Court for the Southern District of Alabama. *See In re*

---

[1] In alignment with this adoption, the Court denies the [91] Motion to Vacate Settlement Term Sheet and the [94] Motion to Appoint Counsel.

[2] Brinkman also sued Neel-Schaffer, Engineers and Planners, Inc. *See* Agreed Order of Dismissal [3]. But she agreed to dismiss all claims against it with prejudice. *Id.*

*Brinkman*, No. 23-11658 (Bankr. S.D. Ala. filed July 22, 2023); [73] ¶ 3. Per the parties' Settlement Term Sheet, Brinkman is "required to obtain the necessary approval and settlement fund distribution instructions from the Bankruptcy Court." [73] ¶ 3; [79] ¶ 1. And on February 24, 2024, "bankruptcy counsel for Plaintiff . . . filed a Motion to Approve Compromise/Settlement." [73] ¶ 4. But Brinkman withdrew the motion. *Id.*

On April 15, 2024, the Magistrate Judge entered an [68] Order directing Brinkman "to file a written statement with the Court regarding her intent either to proceed with the approval of the disbursement of the funds in the bankruptcy court or to challenge the pending settlement agreement . . . ." [89] at 2; *see also* [68] at 2. Brinkman replied that she could not "state her intent to proceed with the approval of the disbursement of the settlement funds . . . or to challenge the pending settlement agreement." Pl.'s Resp. [70] at 3; *see also* [89] at 2–3. Brinkman has yet to obtain the approval of the bankruptcy court. [89] at 3.

Because Brinkman has expressed reservations about the settlement, Defendants now move the Court to enforce the agreed settlement, compel Brinkman to "obtain approval and settlement fund distribution instructions from the Bankruptcy Court," award further relief, and impose sanctions as deemed "just and proper." [73] at 2.[3] They argue that Brinkman "had full knowledge of the agreement the parties reached during the settlement conference," and therefore, she cannot claim to be "unaware" of it because the law presumes that she "read the terms of

---

[3] Defendants Neel-Schaffer and Reeves jointly filed the [73] Motion and the [74] Memorandum in Support.

the agreement which are stated in plain language." [74] at 3–4. They submit that Brinkman "entered into the settlement voluntarily," and she "sets forth no evidence that the contract is unenforceable." *Id.* at 4 (cleaned up).

In her [80] Response, Brinkman "disputes her participation in settlement discussions [and] the settlement conference[,] and [she] questions the validity and enforceability of the settlement term sheet." [80] ¶ 1. She argues that she "lacked full knowledge and understanding of the terms of the settlement agreement before signing the settlement term sheet," that she "involuntarily signed [it] under coercion and duress," and that "the settlement conference failed to adhere to procedural requirements . . . constituting a breach of fairness and undermining the integrity of the proceedings." Pl.'s Supp'g Mem. [81] at 4–10 (cleaned up). She then filed a [84] Motion to Request Hearing on the [73] Motion to Enforce Settlement, which was granted.[4]

Judge Parker filed his [89] Report on August 21, 2024. The Report recommends (1) granting Defendants' [73] Joint Motion; (2) dismissing the claims against Defendants with prejudice as agreed; (3) giving Brinkman 14 days to execute a document releasing her claims against the Defendants and another 14 days to move promptly in the bankruptcy court to obtain an order approving and directing the disbursement of settlement funds; and (4) holding the demand for sanctions in abeyance to allow Brinkman a final opportunity to complete the settlement as agreed. *See* [89] at 10–11.

---

[4] Judge Parker held a hearing on June 25, 2024. 6/25/2024 Min. Entry. Brinkman, her former counsel, and Defendants' counsel participated in the hearing. [89] at 4.

Brinkman filed objections to the [89] Report, which she alternatively styled as a "Motion to Vacate Settlement Term Sheet." Pl.'s Obj. [90]; [91]. And on October 25, 2024, she filed a [94] Motion to Appoint Counsel. For the reasons set forth below, the Court overrules the [90] objections, adopts the [89] Report, and denies the [91] and [94] Motions.

II. Standard

The Court reviews de novo the portions of the Magistrate Judge's Report to which Brinkman objects, 28 U.S.C. § 636(b)(1), while the remaining portions are subject to a "clearly erroneous, abuse of discretion[,] and contrary to law standard of review." *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989) (per curiam) (cleaned up). The Court, however, is not "required to reiterate the findings and conclusions of the magistrate judge." *Koetting v. Thompson*, 995 F.2d 37, 40 (5th Cir. 1993) (per curiam) (cleaned up) The Court need not consider "[f]rivolous, conclusive[,] or general objections . . . ." *Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987) (per curiam) (cleaned up). And "issues raised for the first time in objections to the report of a magistrate judge are not properly before the district judge." *Finley v. Johnson*, 243 F.3d 215, 219 n.3 (5th Cir. 2001) (citing *United States v. Armstrong*, 951 F.2d 626, 630 (5th Cir. 1992)).

III. Analysis

Brinkman makes four objections to the [89] Report. She claims (1) the executed settlement sheet is unenforceable; (2) the [73] Motion should not be granted; (3) she should not be compelled to execute the Settlement Agreement and

4

Final Release of her claims; and (4) dismissal with prejudice is premature.[5] *See* [90] at 1. Both the parties and the Magistrate Judge have previously addressed the content of these objections. *See* [73]; [74]; [80]; [81]; Defs.' Reply [82]; [89]; *Koetting*, 995 F.2d at 40. So the objections are addressed only briefly, and they are overruled.[6]

A. The Executed Settlement is Enforceable.

A district court holds the "inherent power to recognize, encourage, and when necessary enforce settlement agreements reached by the parties." *Wise v. Wilkie*, 955 F.3d 430, 434 (5th Cir. 2020) (cleaned up). Federal law determines the validity and enforceability of releases of federal claims. *Fisk Elec. Co. v. DQSI, L.L.C.*, 894 F.3d 645, 650 (5th Cir. 2018) (cleaned up). Likewise, state law governs the release of state-law claims. *See Smith v. Amedisys Inc.*, 298 F.3d 434, 444–46 (5th Cir. 2002). Under both federal common law and Mississippi law, settlement agreements are contracts. *See Alford v. Kuhlman Elec. Corp.*, 716 F.3d 909, 912–13 (5th Cir. 2013) (first citing *Guidry v. Halliburton Geophysical Servs., Inc.*, 976 F.2d 938, 940 (5th Cir. 1992); and then citing *West v. West*, 891 So. 2d 203, 210 (Miss. 2004) (en banc)).

---

[5] These objections differ from the concerns that prevented Brinkman from following through on the settlement prior to the June 2024 hearing. According to the [89] Report, Brinkman agreed her *only* concerns preventing resolution of the dispute were the "inclusion of certain amendments[:] (1) a mutual release; (2) a neutral reference; and (3) a restriction of [her] case files from public access." [89] at 5 (explaining that Brinkman "agreed that these three issues were her *only* concerns preventing resolution of this dispute"). These amendments were not reserved for further discussion beyond the terms written in the settlement agreement. And Brinkman abandons these concerns in her [90] Objection to the [89] Report and her [91] and [94] Motions. Such demands do not sway the Court from enforcing the settlement as written.

[6] Defendants add that these arguments were also addressed via the oral arguments before the Court at the June 25, 2024, [73] Motion hearing. *See* Defs.' Resp. Pl.'s Obj. R. & R. [92] ¶ 3; Defs.' Resp. Pl.'s Mot. Vacate [93] ¶ 3.

"[O]rdinary contract principles require a 'meeting of the minds' between the parties [on all material terms] in order for agreements to be valid." *Am. Heritage Life Ins. Co. v. Lang*, 321 F.3d 533, 538 (5th Cir. 2003); *In re Deepwater Horizon*, 786 F.3d 344, 357 (5th Cir. 2015); *accord Est. of Davis v. O'Neill*, 42 So. 3d 520, 527 (Miss. 2010). And an agreement must also be supported by consideration. *See Williams v. Phillips Petrol. Co.*, 23 F.3d 930, 935 (5th Cir. 1994); *accord Est. of Davis*, 42 So. 3d at 527. Since "[r]elease provisions are generally . . . material terms of settlement agreements," a meeting of the minds occurs when "the parties have agreed upon the monetary amount of the settlement payment and the fact that plaintiffs will release specific claims." *Deepwater Horizon*, 786 F.3d at 357 & n.26 (cleaned up).

Once a valid agreement is established, the party challenging a release "has the burden of demonstrating that the release was invalid because of fraud, duress, material mistake, or some other defense." *Williams*, 23 F.3d at 935; *accord Est. of Davis*, 42 So. 3d at 527. Specifically, the release of Title VII claims is "valid only if it is knowing and voluntary," and the Fifth Circuit has "adopted a totality of the circumstances test" in making this determination. *Ollie v. Plano Indep. Sch. Dist.*, 323 F. App'x 295, 297 (5th Cir. 2009) (per curiam) (cleaned up). When opposition to the enforcement of a settlement arises based on the validity of the agreement, an evidentiary hearing is held on the disputed issues. *See Wise*, 955 F.3d at 439.

After the hearing in this case, the Magistrate Judge determined that there was "a meeting of the minds between the parties on all essential terms" of the

settlement agreement. [89] at 9. Brinkman's objections, construed liberally, attack the Magistrate Judge's finding that there was a meeting of the minds because Brinkman purportedly "lacked knowledge and understanding regarding . . . the detailed terms of the Settlement Agreement . . . ." [90] at 4. Reviewing this issue de novo, the Court finds there was a meeting of the minds on all the essential terms of the settlement agreement. Brinkman primarily takes issue with the specific terms of the [79-1] Settlement Agreement and Full and Final Release of All Claims. [90] at 4–5. Nevertheless, she willingly signed the jointly drafted [79] Settlement Term Sheet, agreeing at a minimum to "release all claims she has against Defendants" in exchange for a monetary settlement payment. *See* [79] ¶¶ 1–2. This is sufficient for a meeting of the minds on the essential terms of a settlement agreement. *See Deepwater Horizon*, 786 F.3d at 357 n.26.

      Having established the existence of a valid settlement agreement, the Court now considers Brinkman's objections to its enforceability. To be enforceable, the release must have been knowing and voluntary. *Ollie*, 323 F. App'x at 297. At the June 25, 2024, evidentiary hearing before the Magistrate Judge, Brinkman "admitted that she signed the settlement term sheet and did not argue against its validity." [89] at 4–5. Her signature establishes the presumption of understanding; a party who signs a written instrument "cannot avoid its obligations by contending that [she] did not read it, or that it was not explained or that [she] did not understand it." *In re Cajun Elec. Power Coop., Inc.*, 791 F.2d 353, 359 & n.3 (5th

Cir. 1986) (cleaned up). And Brinkman "did not elaborate at the hearing regarding any terms that were not understood." [89] at 5. Her signature was knowing.

Her signature was also voluntary. Although Brinkman argues that she was under unproven duress when she signed the settlement due to the alleged windowless room, deprivation of food and water, and restrained access to a clock or phone, she did not elaborate on this predicament during the settlement conference or the June 25, 2024, hearing. [89] at 5–6. Further, as pointed out in the [89] Report, Brinkman has previously conceded that she made the choice to settle because she "was over the day and tired of arguing," and she "did not stand a chance of going to trial." *Id.* at 6 (quoting [64-3] at 3).

### B. Brinkman Should Be Compelled to Execute the Settlement Agreement and Final Release of Her Claims.

The Settlement Term Sheet is a binding document. As pointed out in the [89] Report, courts within the Fifth Circuit recognize the binding nature of settlement term sheets in the anticipation of more formal documents to be filed with the Court. *See* [89] at 7 (first citing *Doskocil Mfg. Co. v. Make Ideas, LLC*, No. 3:21-CV-1098, 2024 WL 42313 (N.D. Tex. Jan. 2, 2024); and then citing *Goodman v. Smart Modular Techs., Inc.*, No. 14-1380, 2016 WL 4435436 (S.D. Tex. Aug. 23, 2016)). And the counsel present at the settlement conference had binding authority to enter into the agreement.[7] *See Quesada v. Napolitano*, 701 F.3d 1080, 1083 (5th Cir. 2012) ("[A]n attorney of record is presumed to have authority to compromise and

---

[7] "Counsel for all parties . . . were present during the settlement conference and actively negotiated the terms of a settlement." [89] at 1.

8

settle litigation of his client, and a judgment entered upon an agreement by the attorney . . . will be set aside only upon affirmative proof . . . that the attorney had no right to consent . . . ." (cleaned up)). Because Brinkman has "knowingly and voluntarily agreed to settle [her] claims[,] and no change of circumstances warrants repudiation of the agreement," the Court finds Brinkman should be compelled to execute the agreement as is. *Bell v. Schexnayder*, 36 F.3d 447, 449 (5th Cir. 1994) (cleaned up). As such, her [91] Motion to Vacate Settlement Term sheet is denied.

C.  The [73] Motion is Granted.

Because this Court finds that the settlement agreement is enforceable and that Brinkman shall be compelled to execute it as written, Defendants' [73] Motion to Enforce Settlement is granted. Brinkman argues that "Defendants have failed to make any attempt to distribute the settlement funds to the Plaintiff, verify the truthfulness or accuracy of statements found within the proposed agreement[,] or fulfill any of their obligations as stipulated in the Settlement Term Sheet." [90] ¶ 9. Rather, she argues, they filed this "premature" and "unjust" [73] Motion, attempting to hold her accountable to the contract she signed. *Id.*

But that accountability is just. Approximately 11 months, without progress, have passed since the parties "agreed to a settlement." *See* 12/19/23 Min. Entry. Granting the [73] Motion will ensure both parties are bound to honor their agreed obligations.

    D.  **Brinkman's Claims are Dismissed With Prejudice, as Agreed.**

This Court echoes the [89] Report's conclusion that a dismissal with prejudice is warranted given the parties' prior agreement that the "case will be dismissed with prejudice with each party to bear its own costs." [79] ¶ 5.

IV.  **Conclusion**

The Court has considered all arguments. Those not addressed would not have changed the outcome. For the reasons stated, the Court ADOPTS Magistrate Judge Michael T. Parker's [89] Report and Recommendation. It GRANTS Defendants' [73] Joint Motion to Enforce Settlement and DENIES Brinkman's [91] Motion to Vacate Settlement. As a result, Brinkman's [94] Motion to Appoint Counsel is DENIED AS MOOT. Brinkman's claims are DISMISSED WITH PREJUDICE.

Brinkman has 14 days to execute a document releasing all claims against Defendants, and she will be given an additional 14 days thereafter to move promptly in the bankruptcy court to obtain an order approving and directing the disbursement of settlement funds. This Court holds in abeyance the demand for sanctions to offer Brinkman one final opportunity to complete the settlement as agreed.

SO ORDERED, this 6th day of December, 2024.

                                      s/ *Kristi H. Johnson*
                                      UNITED STATES DISTRICT JUDGE